UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNY FOURNIER CARNEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv392 DMS (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This case comes before the Court on Plaintiff's motion to remand. Defendants San Diego Family Housing, LLC ("SDFH") and Lincoln Military Property Management, LP ("LMPM") filed an opposition to the motion, and Plaintiff filed a reply. After a thorough review of the issues, the Court grants the motion.

**I.**

**BACKGROUND**

This case arises out of a trip-and-fall accident that occurred on September 21, 2019, near Iverson Street in San Diego, California. At that time, Plaintiff was walking around a neighborhood park with her grandchild when she tripped on a deflection in the sidewalk and fractured her jaw.

The park and sidewalk where the accident occurred are located within the Village of Serra Mesa Housing District, which is a military housing community. According to Defendants SDFH and LMPM, the United States Navy owns the land comprising the Village of Serra Mesa Housing District. (Decl. of Gail Miller in Supp. of Defs.' Opp'n to Mot. ("Miller Decl.") ¶10.) Defendant SDFH, which is a public-private venture between the Navy and Lincoln/Clark San Diego, LLC, (*id.* ¶3), has a ground lease for the Village of Serra Mesa Housing District, (*id.* ¶8), and Defendant LMPM is the property manager for the Village of Serra Mesa Housing District. (*Id.* ¶9.) Iverson Street, which is where the accident occurred, was "dedicated to public use and an easement was granted to the City of San Diego, including access rights that necessarily includes City of San Diego sidewalks." (*Id.* ¶13.) Plaintiff and Defendants SDFH and LMPM contend Defendant City of San Diego is responsible for the condition and maintenance of the sidewalk where the accident occurred.

On February 5, 2020, Plaintiff filed a Notice of Claim with the City of San Diego, which was denied. She thereafter filed the present case in San Diego Superior Court alleging claims for (1) dangerous condition of property/violation of statute/mandatory duties, (2) violation of statute/nuisance, and (3) negligence. The first two claims were alleged against all Defendants, including Defendants SDFH, LMPM, and the City of San Diego, and the third claim was alleged against all Defendants except the City.

After being served with the Complaint, Defendants SDFH and LMPM removed the case to this Court. In their Notice of Removal, Defendants allege three bases for subject matter jurisdiction. First, they allege the accident occurred on a federal enclave, therefore the Court has jurisdiction under 28 U.S.C. § 1331. Second, Defendants allege SDFH is a federal agency, therefore the Court has jurisdiction under 28 U.S.C. § 1442(a)(1). Third, Defendants allege they were both "acting under a federal officer," specifically, the Navy, which provides another basis for jurisdiction under § 1442(a)(1). Plaintiff disputes each of these alleged bases for removal, and thus filed the present motion to remand.

## II.

## DISCUSSION

As set out above, Defendants rely on 28 U.S.C. §§ 1331 and 1442(a)(1) in support of their removal of this case. Consistent with the limited jurisdiction of federal courts, the general removal statute, 28 U.S.C. § 1441, is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). However, the opposite approach applies to § 1442. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (stating courts "are to interpret section 1442 broadly in favor of removal.") Given the more liberal standard applicable to § 1442, the Court turns first to that statute.

Under § 1442(a)(1), removal is appropriate if the party being sued is:

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). Title 28 U.S.C. § 451 defines "agency" for the purposes of Title 28 to include "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451.

Here, Defendants assert the United States, in particular, the United States Navy, has a proprietary interest in SDFH, which renders it an agency under § 451. In support of this assertion, Defendants submitted a declaration from Gail Miller, Vice President of LMH San Diego Property Management GP, Inc., the general partner of LMPM. Ms. Miller states SDFH "is a [public-private venture] and the United States Department of the Navy is a member." (Miller Decl. ¶5.) Ms. Miller goes on to state "[t]he United States Navy has

made significant capital contributions to San Diego Family Housing, LLC, which exceed and almost are double in amount to that contributed by the other member of this entity, as reflected by the operating agreements." (*Id.*) Defendants argue, pursuant to *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389-90 (6th Cir. 2007), that SDFH's agency status under § 451 satisfies the requirements for removal under § 1442(a)(1). Plaintiff disagrees with this argument. She asserts that agency status, alone, does not satisfy § 1442(a)(1).

This Court agrees with Plaintiff. Although the Sixth Circuit has held that federal agency status, alone, is sufficient to support removal under § 1442(a)(1), *City of Cookeville*, 484 F.3d at 389-90, the Ninth Circuit requires more. In *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006), the court stated: "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Id.* at 1251 (quoting *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)). Plaintiff does not appear to dispute that the first requirement is met here. However, she does dispute that the other two requirements are met with respect to SDFH, and Defendants have failed to offer any argument or evidence on those points. Thus, even under the liberal standard applicable to § 1442, Defendants have not shown the requirements for federal agency jurisdiction are met.

"Acting under" jurisdiction under § 1442(a)(1) also requires a showing of these two elements. Here, Defendants assert LMPM was acting under a federal officer, namely SDFH. Thus, Defendants must show there was a causal nexus between LMPM's conduct and Plaintiff's claims, and that LMPM can assert a colorable federal defense. *Id.* They have not made that showing. Although Defendants have set out in detail LMPM's responsibilities under its Property Management Agreement with SDFH, Defendants disclaim any responsibility with respect to the sidewalk where Plaintiff fell. (*See* Opp'n to Mot. at 1) (agreeing with Plaintiff "that Defendant City of San Diego is responsible for the

condition and maintenance of the sidewalk where Plaintiff alleges she fell ….") And Defendants fail to identify any other conduct on the part of LMPM that is in any way connected to Plaintiff's claims. Defendants also fail to identify any federal defense that would apply to whatever conduct is at issue.[1] Without a showing that either of these requirements are met, there is no jurisdiction here under the "acting under" prong of § 1442(a)(1).

The only other alleged basis for Defendants' removal of this case is federal enclave jurisdiction. "Federal enclave jurisdiction is a subspecies of federal question jurisdiction, which is a form of subject matter jurisdiction vested in federal district courts by 28 U.S.C. § 1331." *Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *2 (W.D. Tex. Mar. 2, 2010). Unlike federal agency jurisdiction and "acting under" jurisdiction under § 1442(a)(1), both of which are construed in favor of removal, removal on the basis of federal enclave jurisdiction is effected under § 1441, which is construed against removal. *Id.* at *1. *See also Earth Island Institute v. Crystal Geyser Water Co.*, ___ F.Supp.3d ___, 2021 WL 684961, at *1 (N.D. Cal. Feb. 23, 2021) (applying general removal approach to federal enclave jurisdiction); *Bordetsky v. Akima Logistics Services, LLC*, No. 14-1786 (NLH/JS), 2016 WL 614408, at *1-2 (D.N.J. Feb. 16, 2016); *Blahnik v. BASF Corp.*, No. C-06-410, 2006 WL 2850113, at *4 (S.D. Tex. Oct. 3, 2006) (same). Consistent with that approach, Defendants bear the burden to show that the material events alleged in the Complaint and giving rise to Plaintiff's claims occurred on a federal enclave. *Coleman v. Trans Bay Cable, LLC*, No. 19-CV-02825-YGR, 2019 WL 3817822, at *3 (N.D. Cal. Aug. 14, 2019).

There is no dispute here that the general area in which Plaintiff fell, namely the Village of Serra Mesa Housing District, is a federal enclave. There is also no dispute that

---

[1] In their opposition brief, Defendants include a vague reference to "a colorable derivative immunity defense", (*see id.* at 14), but there is no explanation of what that immunity defense would be.

the City of San Diego had an easement for the sidewalk where Plaintiff fell, and that the City was responsible for the condition and maintenance of that sidewalk. Neither Plaintiff nor Defendants have cited to any authority that addresses whether or how the existence of this kind of easement affects federal enclave jurisdiction, and the Court has been unable to locate any cases addressing this precise issue. Both sides devoted a considerable amount of attention to *Federico v. Lincoln Military Housing*, 901 F.Supp.2d 654 (E.D. Va. 2012). That case involved claims for breach of contract and tort arising from "excessive moisture and mold conditions" inside the plaintiffs' military housing unit. *Id.* at 656. Like the Defendants here, one of the defendants in that case was party to a ground lease with the Navy covering the military housing units, and another defendant was the property management company. Like Plaintiff here, the plaintiffs in *Federico* filed their case in state court, and the defendants removed the case to federal court asserting federal enclave jurisdiction. The plaintiffs filed a motion to remand, and the court's decision sets out a lengthy discussion of federal enclave jurisdiction. After reviewing a number of cases on the subject, the court outlined a framework for deciding the issue, the last element of which asks whether "the case implicates substantial federal interests[.]" *Id.* at 676. In that case, the court found, based on "the nature of the complaint, the legal issues, and the parties in detail", *id.*, that this element was met, and thus denied the plaintiffs' motion to remand.

This case, however, is distinguishable from *Federico* in two important respects. First, unlike in *Federico*, Plaintiff here is not an active duty service member. Second, this case does not in any way involve military housing. Rather, this case involves the condition and maintenance of a sidewalk for which the City of San Diego had an easement and for which the City was responsible. Although Defendants clearly had a relationship with the Navy concerning the Village of Serra Mesa Housing District and the housing units thereon, Defendants have failed to show how the specific facts and claims in this case relate to those relationships or responsibilities. Defendants have also failed to show how the specific facts and claims in this case implicate substantial federal interests. Absent that showing, the Court declines to find there is federal enclave jurisdiction in this case.

6

21cv392 DMS (MDD)

# III.
# CONCLUSION

For all of the reasons set out above, the Court grants Plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: July 9, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court